ALEXANDER *v.* STATE.

Opinion delivered March 5, 1917.

1. CRIMINAL LAW—BURGLARY AND GRAND LARCENY—SUFFICIENCY OF EVIDENCE.—Where defendant was found in the possession of recently stolen property, and had had the opportunity to steal the same, the defendant cannot complain that the verdict of guilty was without evidence to support it.

2. APPEAL AND ERROR—MOTION FOR CONTINUANCE—ABSENT WITNESS.—A continuance was asked and in the motion it was set out what the absent witness would testify; this was read to the jury. *Held*, the court did not abuse its discretion in refusing to grant a continuance.

3. APPEAL AND ERROR—MULTIPLICATION OF INSTRUCTIONS.—It is not error to refuse to give an instruction correctly reflecting the law as applicable to the particular case, if the same subject matter is covered by other instructions given.

4. INSTRUCTIONS—MATTERS OF FACT.—It is not proper for a trial court to instruct a jury what inference they may draw from certain parts of the evidence.

5. CRIMINAL LAW—BURGLARY AND LARCENY—INTENT.—In a prosecution for burglary and grand larceny, where defendant plead that he had found the article alleged to have been stolen, *held*, the State's burden was to show a criminal intent when defendant entered the house, and not a criminal intent thereafter.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*E. F. Friedell* and *J. M. Carter,* for appellant.

1. The verdict is clearly against the uncontradicted evidence.

2. The court erred in its instructions to the jury.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The proof is amply sufficient to sustain a verdict of conviction. 92 Ark. 120, 586; 95 *Id.* 172, 321; 100 *Id.* 330. The jury were the sole judges of the evidence. They did not believe the evidence of Williams and appellant. 101 Ark. 51; 104 *Id.* 162.

2. The motion for continuance was properly overruled. 58 Ark. 513.

3. There is no error in the instructions. Where the usual and proper instruction on reasonable doubt is given,

it is not error to refuse others on the same subject couched in different language. 101 Ark. 569; 103 *Id.* 352; 92 *Id.* 481; 74 *Id.* 33; 58 *Id.* 473; 52 *Id.* 180; 61 *Id.* 88, and others.

It was the exclusive province of the jury to determine whether the fact that appellant was in possession of the stolen property was a *weak* or strong presumption of guilt. 55 Ark. 244; 92 *Id.* 590. The sixth instruction asked by defendant is not the law. 15 Ark. 624; 13 *Id.* 705; 103 *Id.* 352.

4. No objections were saved to Stephens' testimony. 105 Ark. 82; 73 *Id.* 407; 44 *Id.* 103.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Miller Circuit Court of the crimes of burglary and larceny. He filed a motion for a new trial, which was overruled. The requisite steps were taken and this cause is here on appeal.

(1) The first assignment of error urged for reversal is that the verdict is clearly against the uncontradicted evidence. The substance of the evidence tending to establish the guilt of appellant is as follows: The latter part of September or first part of October, as it was getting dark one evening, a man fitting the description of appellant was seen to enter the home of P. M. Crouch in Texarkana, Arkansas, and remain within the house about one-half hour. Upon the return of Mrs. Gussie Crouch she discovered that her home had been burglarized, and along with other jewelry a ring had been stolen. The ring was of the value of $15. Not long after the burglary appellant gave Mrs. Fannie Pratt the stolen ring and at the time told her he had purchased it. Appellant told John Strange, chief of police, that he found the ring. Before and after the burglary appellant delivered meat daily to the Crouch home and was acquainted with the surroundings. He had been convicted of a similar crime prior to this time.

In the face of such a record as this, we can not concur in the opinion of learned counsel that the verdict is

contrary to the uncontradicted evidence. This record reflects the opportunity and tendency on the part of appellant to commit such an offense as this; also the possession of a recently stolen ring; also conflicting statements as to how he acquired possession of it.

It is true that the verdict is contrary to the proof introduced by appellant. He said he found the ring by a rock wall near the Crouch residence and denied burglarizing the Crouch home. Charles Williams, who had been convicted of many burglaries and larcenies, gave testimony that he entered the Crouch house and took the ring and other missing jewelry; that in his hurry and fright he lost the ring at the place appellant claims to have found it. Williams confessed to many other crimes when arrested, but denied that he burglarized the Crouch home. Appellant and Williams were in jail together awaiting trial and for a part of the time occupied the same cell.

There is ample evidence in the record to sustain, either the State's or appellant's theory. The case involved a question of fact to be determined by the jury. The jury probably concluded that the defense of appellant was concocted between Williams and himself in the quiet hours of incarceration and regarded the testimony of appellant and Williams as unworthy of belief. The weight of the evidence is a question for the jury and not the court. This court will not invade the province of the jury to pass upon the weight of the evidence. *Rhea v. State*, 104 Ark. 162.

Another assignment of error for reversal is that the court excluded the evidence of A. W. Stevens tending to establish the good character of appellant. No objection was made or exceptions saved at the time to the court's ruling in this particular. For this reason, the error, if any, can not be corrected on appeal. *Birones v. State*, 105 Ark. 82.

(2) Another assignment of error set up in the motion for new trial is that the court erred in overruling appellant's motion for continuance. The motion for continuance was correct in form and stated that appellant

could prove by G. W. Citty that ''about the time the Crouch house is alleged to have been broken into and after that time, defendant herein was working for him and it was his duty to carry meat for his butcher shop and deliver same to his customers, which necessitated that defendant get up early in the morning, and go about town before it was light, and which he did about said time and after said burglary is said to have been committed.'' The prosecuting attorney agreed that the motion might be read to the jury and admitted the truth of what the motion stated the testimony of G. W. Citty would be. The motion for continuance was properly denied by the court. *Baker* v. *State,* 58 Ark. 513.

The trial court refused instruction No. 1, asked by appellant, which is as follows:

''The court instructs the jury that the burden is on the State to prove the defendant guilty as charged in the indictment, and if the evidence fails to satisfy your minds beyond a reasonable doubt of the guilt of the defendant, then it is your duty to give him the benefit of such doubt and acquit him.

''If any reasonable view of the evidence is or can be adopted which admits of a reasonable doubt of the guilt of defendant, then it is your duty to adopt such view and acquit him.''

(3) This instruction was fully covered by the instruction given by the court on its own motion and by giving instructions Nos. 2 and 4, asked by appellant. It is not error to refuse to give an instruction correctly reflecting the law as applicable to the particular case, if the same subject-matter is covered by other instructions. *Goss* v. *State,* 74 Ark. 33; *McWilliams* v. *State,* 101 Ark. 569; *Morris* v. *State,* 103 Ark. 352.

(4) It is insisted that the trial court erred in refusing to give instruction No. 5, asked by appellant. The instruction refused is as follows:

''The jury are instructed that the presumption that the person in whose possession stolen property is found is the thief, is not one of law, and weak one of fact; it is

not at all conducive, and of itself is not sufficient for a conviction."

This instruction is erroneous because it attempts to advise the jury what inferences they may draw from a certain part of the evidence.  Our Constitution forbids trial judge from instructing juries on matters of fact, *Blankenship* v. *State,* 55 Ark. 244; *Wiley* v. *State,* 92 Ark. 586.

(5)    The court also refused to give the following instruction asked by appellant:

"The court instructs the jury that the law presumes in favor of innocence, and of a good motive rather than a bad one, and the burden is not on defendant to show he had no criminal intent in keeping the ring after he found it, but it devolves upon the State to prove he had such criminal intent."

The instruction is erroneous because its effect would be to divert the minds of the jury from the intent involved in entering the house and taking the ring, to the intent appellant had in keeping the ring.  This instruction, if given, would have placed upon the State the burden of proving that appellant formed a criminal intent in his mind to keep the ring after he obtained possession thereof.  The State's burden under the charge of burglary and larceny was to show the criminal intent of appellant at the time of entering the house and not thereafter.

No error appearing in the record, the judgment is affirmed.