## LONG v. STATE.

### Opinion delivered November 3, 1919.

1. BURGLARY AND LARCENY—SUFFICIENCY OF THE EVIDENCE.—The evidence held sufficient to support a finding that the accused participated in a burglary and larceny.

2. BURGLARY AND LARCENY—DESCRIPTION OF PROPERTY FROM WHICH STOLEN GOODS WERE TAKEN.—Property was stolen from the light plant in Searcy, which was operated as an improvement district. In the indictment the light plant was described as a corporation. Held, the place from which the goods were stolen was sufficiently identified and that there was no variance.

3. CRIMINAL LAW—UNEXPLAINED POSSESSION OF RECENTLY STOLEN PROPERTY.—The unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn.

4. APPEAL AND ERROR—EXCEPTION TO INSTRUCTIONS EN MASSE.—An exception en masse to instructions can not avail unless all the instructions are erroneous.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Cul L. Pearce* and *Harry Neelly,* for appellant.

1. The evidence fails to connect defendant with breaking and entering a house as charged in the indictment. At most the only charge made against defendant would be receiving stolen property. There is nothing tending to show the connection of defendant with the burglary. 100 Ark. 188. Mere suspicion is not proof. 68 Ark. 529; 85 *Id.* 360.

2. The court erred in its instructions as to possession of stolen property. 83 Ark. 194. Instruction No. 5 should not have been given. 44 Ark. 39.

3. The State failed to prove a material allegation in the indictment that the Searcy Electric Light District was a corporation.

*John D. Arbuckle,* Attorney General, and *Robert C. C. Knox,* Assistant, for appellee.

1. The evidence is sufficient to sustain the verdict and it is conclusive. 91 Ark. 492; 101 *Id.* 473; 1 Sup. Ct. Rep. 14.

2. The instruction as to possession of stolen property is correct. Cases *supra.*

3. There was sufficient proof of the corporation, as improvement districts in cities are corporations, but the allegation in the indictment was unnecessary and need not be proved. 9 C. J. 1047; 116 Ala. 437; 76 Cal. 445; 74 Ga. 499; 89 Mo. 257; 102 Iowa 651; 40 N. J. L. 169; 65 So. Rep. 548; 68 Ga. 822; 3 Bishop, Cr. Proc., § 138.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the White Circuit Court of grand larceny and burglary. His punishment for the larceny was fixed at one year in the penitentiary, and for the burglary at three years in the penitentiary. An appeal has been duly prosecuted to this court, and a reversal of the judgment of conviction and assessment of penalties is sought upon the following grounds:

*First.* Because the evidence fails to connect appellant with breaking and entering the house, as charged in the indictment.

*Second.* Because the State failed to prove that the Searcy Electric Light Improvement District No. 1 was a corporation.

*Third.* Because the court erred in instructing the jury as to the effect of the possession of recently stolen property.

(1) The indictment, in the first count, charged, in substance, that appellant feloniously did break and enter a house used and possessed by the Searcy Electric Light Improvement District No. 1, a corporation, with the felonious and burglarious intent to steal and carry away personal property, over the value of $25, of Carlyle Pettey; and, in the second count, charged the larceny of the personal property aforesaid in apt words and form.

The evidence showed that appellant, in company with his brother, Will Long, went from Little Rock to Searcy on the evening before the burglary, reaching Searcy at about 7 o'clock. They left Searcy together early on the morning of March 4. Between 12 and 1 o'clock on the night of the burglary, appellant was seen in company with his brother, who confessed to the crime, in about a block of the light plant. His brother, Will Long, at the time had a bundle under his arm. The property stolen consisted of an overcoat, a pair of trousers, and two flash lights, and belonged to Carlyle Pettey. The burglary and theft occurred on the night of the 3d day of March, 1919, the house being entered by pushing open a window which had not been latched or bolted. The house entered was in the possession and occupied by the Searcy Electric Light Improvement District No. 1. Early in that month, appellant sold the overcoat in question to his uncle, F. P. Long, and one of the flash lights to his cousin, W. D. Bateman. The trousers were found in the home of his uncle, F. P. Long. Appellant explains his possession of the goods by saying he got them from his brother. His brother, Will Long, testified that appel-

lant was not with him at all on the night of the burglary. Appellant admitted, however, that he was with him on that night in Searcy.

We can not agree with the appellant that the evidence is insufficient to connect him with the crime. He was in company with his brother near the scene of the burglary and larceny at a late hour on the night the crimes were committed. They came to Searcy from Little Rock together, reaching there about 7 o'clock P. M. on the 3d of March, and left together early the next morning. His brother confessed to the commission of the crime on that night, and soon thereafter the possession of the property was traced to appellant, who converted a part of it to his own use by sale thereof to his kinsmen. On the night of the burglary, appellant and his brother were seen at a late hour near the house that was burglarized, and, at the time, appellant's brother had a bundle under his arm. We think this evidence sufficient to support a finding that appellant participated in the burglary and larceny.

(2) It developed in the testimony that the house which was burglarized was owned by the Searcy Electric Light Improvement District No. 1, and that said electric light company was known, under the statutes of Arkansas, as an improvement district. It is insisted by appellant that there is a variance between the evidence and the indictment, for the reason that said company is described in the indictment as a corporation. The purpose of the charge and proof was to identify the particular house burglarized as belonging to some person or entity capable of owning or possessing property. The proof that the company was an improvement district sufficiently establishes it as such an entity, and, for that reason, the kind or character of the entity is immaterial. Section 2233 of Kirby's Digest reads as follows: "Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material."

In the construction of this statute, it has been held that, "An indictment for receiving stolen property belonging to a partnership is sufficient if it correctly names the partnership, though error is made in giving the initials of one of the partners." *Andrews* v. *State,* 100 Ark. 184. And in the later case of *Ivy* v. *State,* 109 Ark. 446, in construing the same statute, this court said: "The court, having already held that it is not a variance from the allegations of the indictment to prove the names of the partners, other than as alleged, is of the opinion that the failure to prove the names of the individuals at all as alleged is not a fatal variance." In the instant case, the house burglarized was sufficiently identified or described by naming the possessor or owner thereof as the Searcy Electric Light Improvement District No. 1, which the proof shows is an entity capable of owning and occupying property; so an erroneous allegation in the indictment to the effect that it was a corporation is immaterial.

(3) The instruction complained of as erroneous by appellant told the jury that "the possession of property recently stolen affords presumptive evidence of guilt." The instruction is justified by learned counsel for the State by the language used in the case of *Douglass* v. *State,* 91 Ark. 492. The language referred to is as follows: "But the possession of property recently stolen does raise a presumption tending towards guilt," etc.

The language used by the learned judge who handed down the opinion in that case was inaccurate. The rule is that the unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn. The instruction complained of in the instant case was clearly an instruction on the weight of the evidence. This court said in the case of *Duckworth* v. *State,* 83 Ark. 192 (quoting from the syllabus): "It was error to instruct the jury in a larceny case that the unexplained possession of recently stolen goods, corroborated by other evidence, is sufficient to convict, it being the exclusive province of the jury to determine when the evidence is sufficient to convict."

The same rule was announced in the cases of *Sons* v. *State,* 116 Ark. 357, and *Mitchell* v. *State,* 125 Ark. 260.

(4) Appellant, however, is not in a position to take advantage of this error. The erroneous instruction is one of several contained in the oral charge. The exception to it was in the following form:

"Note also our exception to the entire oral charge."

This exception was preserved by a request for a new trial in the following language: "Because the court erred in his oral charge to the jury."

The exception and preservation thereof are clearly an exception in gross. An exception *en masse* to instructions can not avail unless all the instructions are erroneous. *Wells* v. *Parker,* 76 Ark. 41; *K. C. Sou. Ry. Co.* v. *Morris,* 80 Ark. 528; *Ward* v. *Sturdivant,* 86 Ark. 103; *H. D. Williams Cooperage Co.* v. *Clark,* 105 Ark. 157. The other instructions contained in the oral charge were correct.

The judgment is therefore affirmed.