[No. 16667. Department One. January 23, 1922.]

## THE STATE OF WASHINGTON, *Respondent*, v. FRED HUMPHREYS, *Appellant*.[1]

CRIMINAL LAW (101)—EVIDENCE—RES GESTAE. In a prosecution for the larceny of a quantity of wheat, the testimony of the owner that the defendant voluntarily came to him and offered to pay for the wheat, to which he replied he was not selling wheat, he had been robbed three times and that he wanted this one run down, was admissible as part of the conversation in answer to defendant's offer.

APPEAL (445)—REVIEW—HARMLESS ERROR—MISCONDUCT OF COUNSEL. Improper cross-examination by the prosecuting attorney to which objection is promptly sustained by the court, is harmless error.

CRIMINAL LAW (345)—MOTIONS FOR NEW TRIAL—MISCONDUCT OF COUNSEL. The denial of a new trial on the ground of improper and prejudicial language of the prosecuting attorney was not an abuse of the court's discretion, where objection to the language was sustained, the counsel admonished, and the jury instructed to disregard it.

LARCENY (39)—TRIAL—INSTRUCTIONS — POSSESSION. An instruction that defendant's possession of stolen property, if the jury so find, is not of itself sufficient to justify a conviction of larceny, but defendant's possession thereof is a circumstance which may be taken in connection with all the other circumstances and facts in the case, is not erroneous in that it did not further state that the possession was personal, not simply constructive.

CRIMINAL LAW (250)—TRIAL—PROVINCE OF COURT AND JURY—WEIGHT OF EVIDENCE. A requested instruction that if the jury should be satisfied from the evidence that defendant's offer to pay for the stolen wheat, without admitting its larceny, was for the pur-

[1]Reported in 203 Pac. 965.

pose of avoiding publicity, that circumstance should not be regarded as evidence of guilt was properly refused, since the value of such testimony was for the jury.

CRIMINAL LAW (277)—TRIAL—INSTRUCTIONS—CHARACTER. The refusal of a requested instruction in a prosecution for larceny to the effect that evidence of good character may of itself be sufficient to raise a reasonable doubt as to the guilt of accused was proper, where such evidence has been admitted and the jury charged generally to consider it with other evidence in arriving at their verdict.

CRIMINAL LAW (358)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE —CUMULATIVE EVIDENCE. The refusal of a new trial on the ground of newly discovered evidence of an alibi was within the sound discretion of the court, where it was cumulative with that given upon the subject at the trial.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered January 18, 1921, upon a trial and conviction of larceny. Affirmed.

*J. N. Pickrell* and *Hanna, Miller & Hanna* (*F. L. Stotler, S. J. Chadwick,* and *Hugh C. Todd,* of counsel), for appellant.

*G. A. Weldon* and *W. L. Lafollette, Jr.,* for respondent.

MITCHELL, J.—The defendant was charged with the grand larceny of ten sacks of wheat belonging to R. B. Terrell. The jury found him guilty, and from a judgment on the verdict, an appeal has been taken.

The evidence shows the wheat was stolen. It was raised on a farm belonging to H. W. Hanford, rented on shares by Terrell. It was stolen on the night of August 25, 1920, from the field in which it had been lately threshed, near a public road. The theft was discovered on the morning of August 26. Terrell noticed the tracks of an automobile from the highway to the place from which the wheat was taken, thence back into the highway and onto the premises of the appellant. There were distinguishing features of the

automobile tracks. The owner and the deputy sheriff at once went upon the premises of the appellant and found ten sacks of wheat, corresponding to that stolen, in appellant's barn. They called his attention to the wheat, which was examined by them at that time. The three of them went to the field from which the wheat had been stolen, examined the tracks of the automobile at that place and again at the place of leaving the highway to go to the barn. The deputy sheriff and Terrell testified they examined the tires of the automobile and that they matched the tracks spoken of. They or other witnesses for the prosecution testified that he admitted he was in the car that made the tracks. They testified the appellant was told he had better take the wheat back, and that he said he would but that the neighbors would accuse him of being a wheat thief.

There is testimony to show that the wheat was removed from appellant's barn the night of the 26th of August or the next morning, by whom it is not shown. There is evidence to show that on the morning of August 27, upon appellant's going to the sheriff's office, and upon having read to him an arrest warrant which had been sworn out, he admitted the wheat found in his barn was not his, and that he said "I don't want any publicity. I would like to get this thing settled up." He first offered to pay for the wheat, and then offered to return it. It appears the latter was agreeable to Terrell at first, but appellant failed to return the wheat at the appointed hour, and thereafter Terrell refused to accept a return of it without the consent of his landlord. Accordingly, Terrell and the appellant went to see Hanford, at which time appellant stated he could not afford to let the matter get out, and wanted to pay for the wheat and for Terrell's time. Upon fixing upon the amount and while considering the situation, Hanford telephoned the sheriff's office

and thereupon informed the appellant "it was too late; that he would have to make his case before the court." There were other incriminatory facts and circumstances in the case that need not be mentioned. It may be stated that the defendant, at the trial, denied many of the damaging admissions attributed to him, although he did admit there were conversations between him and witnesses for the prosecution at the times and places mentioned, that he did say rather than have the expense and publicity of a trial he would pay for the wheat, and that he told them he was in the automobile from the highway to the barn on his premises—the latter being a trip, as he testified, to care for a sick horse at the barn on the evening of August 25.

The first assignments of error relate to the court's permitting the witness Hanford to testify, over appellant's objections, and then refusing to strike the testimony after it was given, to the effect that he told appellant he (Hanford) had nothing to fix up, that he was not selling wheat, that he had been robbed three times out there, and that he wanted this one run down. The claim is that the testimony was irrelevant and prejudicial, and so remotely removed from the scene and time of the theft as not to be a part of the *res gestae*. Clearly, it was not offered as a part of the *res gestae*. The witness was called to prove that appellant had voluntarily gone to him and offered to pay for the wheat. His conduct and offer were in the nature of an admission, and the language objected to was but the answer to the offer appellant was making and was spoken at the very time and occasion of the offer being made, and was therefore admissible.

Assignment number 3, that the court erred in denying appellant's motion for a directed verdict at the close of the evidence for the state, is not supported by any argument and is, we think, without merit.

Assignment of error number 4 claims misconduct on the part of the prosecuting attorney (1) in language used in the cross-examination of the appellant, and (2) improper argument in debating the case to the jury. As to the first, the appellant contented himself, at the time of the question on cross-examination, to the objection that it was improper cross-examination, which objection was promptly sustained by the court. The question was not answered. As to the second, the language used expressed the speaker's opinion of the guilt of the accused. Promptly the court was appealed to with the objection that it was prejudicial, and a request that counsel be admonished. The objection was sustained, counsel was admonished, and the jury at once instructed to disregard it, and it may be mentioned that, prior to the happening of this occurrence, the court, in its general instructions to the jury, cautioned them against remarks made, or that might be made, by the attorneys on both sides not borne out by the testimony. As these things appear in the record, we cannot disturb the judgment and discretion of the trial court in denying the motion for a new trial, under the doctrine of *State v. Armstrong,* 37 Wash. 51, 79 Pac. 490; *State v. Marion,* 68 Wash. 675, 124 Pac. 125; *People v. Zentgraf,* 193 Pac. (Cal. App.) 274; *State v. Curtis,* 108 Kan. 537, 196 Pac. 445.

It is contended the court erroneously gave the following instruction:

"I instruct you that where a person is accused of larceny, proof of recent possession of the property alleged to have been stolen is not of itself sufficient to justify a conviction of larceny. Therefore, if you find beyond a reasonable doubt that the wheat alleged to have been stolen by the defendant in this case was in his possession at or about the time it is alleged to have been stolen, and you further find that such wheat was

stolen property, still the defendant's possession there-
of, if you so find, is not alone sufficient to warrant you
in finding him guilty, but is a circumstance which may
be taken in connection with all the other facts and cir-
cumstances in the case in arriving at your verdict."

We think the instruction was correct under the testi-
mony in this case. It is in harmony with the rule laid
down in *State v. Walters,* 7 Wash. 246, 34 Pac. 938,
1098. The principal criticism of it is that the state
must go further than show the wheat was found in a
barn upon appellant's premises, accessible to others,
and show that the possession was personal, not simply
constructive, and that it involved a distinct and con-
scious assertion of possession by the accused. There
is much in the argument, "but the sense of the term
'possession' in this connection is not necessarily lim-
ited to custody about the person. It may be of things
elsewhere deposited but under the control of a per-
son." 17 R. C. L. (Larceny) § 77, p. 73. It is a ques-
tion of fact, which was carefully recognized by the
court in its instructions by saying, among other things,
"therefore if you find beyond a reasonable doubt that
the wheat alleged to have been stolen by the defendant
in this case *was in his possession,* etc."

The court was not in error in refusing appellant's
requested instruction to the effect that, if they were
satisfied from the evidence the defendant offered to
pay the prosecuting witness for the wheat, without ad-
mitting the larceny thereof, for the purpose of avoid-
ing publicity, that circumstance should not be regarded
as any evidence of guilt. The effect and value of the
testimony was for the jury.

Next it is claimed the court committed error in re-
fusing a requested instruction to the effect that evi-
dence of good character may of itself be sufficient to

raise in the minds of the jury a reasonable doubt as to the guilt of the accused of the crime charged. Whatever may be the rule in other jurisdictions, this state has answered the argument to the contrary in the case of *State v. Cushing*, 17 Wash. 544, 50 Pac. 512, wherein it was said:

"The court was also requested to charge the jury that good character is admissible not only in a case where doubt otherwise exists, but may be offered for the purpose of creating a doubt. This instruction was refused and, as we think, rightly. It may be true as an abstract proposition of law, as stated in *People v. Jassino*, 100 Mich. 536 (59 N. W. 230), cited by counsel, that evidence of good character may be offered for the purpose of creating a doubt, but, in our judgment, where evidence of good character has been admitted by the court and the jury charged to consider it with the other evidence in arriving at their verdict, it is not necessary for the court to further state to the jury the purpose for which such evidence *may be admitted*. The statute requires the court simply to instruct *the jury* as to the law in the case, and, when the court has done that, it is not incumbent upon it to enlighten the jury upon abstract legal propositions."

In the present case, the jury was instructed according to the rule in that case.

It is assigned as error that the motion for a new trial should have been granted because the evidence was not sufficient to support a conviction. Manifestly there was quite enough evidence, the jury believing it, to warrant the conclusion reached.

Lastly, it is urged a new trial should have been granted on account of newly discovered evidence of an alibi. The new evidence suggested was cumulative, and upon a consideration of it, as well as that given upon the subject at the trial, it must be concluded that the trial judge did not abuse a sound discretion in denying the motion for a new trial. *State v. Wilcox,*

114 Wash. 14, 194 Pac. 575; *State v. Parker,* 114 Wash. 428, 195 Pac. 229.

Affirmed.

Parker, C. J., Tolman, and Bridges, JJ., concur.