## MAYS *v.* STATE.

### Opinion delivered March 17, 1924.

1. RECEIVING STOLEN GOODS—EVIDENCE.—A conviction of receiving stolen goods *held* supported by sufficient testimony.

2. WITNESSES—IMPEACHMENT.—While accused, on his cross-examination, could be asked as to his recent residence, occupation and associations, as affecting his credibility, his answers as to these collateral matters, whether true or false, concluded inquiry, and independent testimony on the subject of accused's associates was inadmissible, where there was no attempt to prove a conspiracy between himself and such persons.

3. CRIMINAL LAW—EVIDENCE OF ANOTHER CRIME.—In the absence of evidence, on a prosecution for receiving stolen goods, that it was defendant's practice or business to receive stolen goods, evidence that, at a previous time, another stolen article was found in his room was inadmissible.

4. CRIMINAL LAW—INCOMPETENT EVIDENCE—PREJUDICE.—The prejudice of incompetent evidence that, on a previous occasion, a stolen article was found in defendant's room, was not removed by defendant's testimony that the thief was arrested and that defendant was a witness.

5. CRIMINAL LAW—INSTRUCTION AS TO POSSESSION OF STOLEN PROPERTY.—An instruction that the possession of property of another recently stolen, raises a presumption of guilt, which is rebuttable, is on the weight of evidence, and invades the jury's province.

6. CRIMINAL LAW—ERRONEOUS INSTRUCTION—WHEN NOT CURED.—The erroneous part of a charge that possession of property of another, recently stolen, raises a presumption of guilt, is not cured by adding that the finding of the property in defendant's possession was not sufficient for conviction, but merely a circumstance to be considered by the jury, who should not convict unless convinced beyond a reasonable doubt that defendant knew the property was stolen when he received it.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

*Holland & Holland,* for appellant.

*J. S. Utley,* Attorney General; *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was convicted of receiving stolen property, and seeks a reversal of the judgment sentencing him to a term in the penitentiary upon the following assignments of error: (1) That the verdict is not supported by sufficient testimony; (2) that the court erred in the admission of testimony; (3) that error was committed in giving and in refusing to give certain instructions.

Upon the first assignment of error it may be said that the testimony on the part of the prosecution was to the following effect: Gladys Settle was *en route* to visit her aunt, and was accompanied by her father. She and her father went into the courthouse, and left in their car her suitcase, containing, among other articles of wearing apparel, two dresses. Upon returning to the car they discovered that the suitcase had been stolen, and they reported its loss at once to the police. The next day appellant's daughter was seen on the street with one of the dresses on. This young lady was carried to her mother's house, where the officers were told that appellant had bought the dress from a peddler for ten dollars.

Witness Templeton testified that he saw the suitcase taken from the car, and that the man who took it resembled appellant, but that his hat was pulled down over his face, and he was not certain about his identification. He described the apparel of the man, and, when appellant was brought before him, a day or two later, appellant had on clothes of similar description. Appellant explained his daughter's possession of the dress by saying that he bought it from a peddler, and there was some testimony tending to show that there was a peddler in that neighborhood about the time the suitcase was stolen. We cannot say this testimony is not sufficient to support the conviction. The jury passed upon appellant's

explanation of his possession and did not accept it, and we cannot say that this action was arbitrary.

Appellant was asked if he was not addicted to the use of narcotic drugs, and he answered that he was not. Asked when he had discontinued their use, he stated that he had not used such drugs for a period of two weeks preceding his trial. The court permitted the State to prove by a police officer that persons known to the police as drug addicts were frequently seen at appellant's house. This testimony was objected to, but the prosecuting attorney insisted it was competent to show who appellant's associates were, and, in admitting it, the court stated the jury might consider it for whatever it was worth.

We think this testimony was incompetent and its admission prejudicial. It was, of course, proper to ask appellant, on his cross-examination, touching his recent residence, occupation and associations, as affecting his credibility as a witness, but, as these matters were collateral, his answers, whether true or false, was the extent to which that inquiry could be carried, and the court should not have admitted independent testimony on the subject of appellant's associations, as there was no attempt to prove a conspiracy between himself and such persons, or any connection with the crime by such persons. *Sweeney* v. *State,* 161 Ark. 278; *Davis* v. *State,* 150 Ark. 500; *Lockett* v. *State,* 136 Ark. 473; *Crawford* v. *State,* 132 Ark. 518; *McAlister* v. *State,* 99 Ark. 604.

The court also admitted, over appellant's objection, testimony that at some previous time—and the time was not fixed—the sheriff of Crawford County had recovered from appellant's house a stolen article. The court permitted appellant to testify that the person who had stolen the article was arrested, and that he was a witness at the trial. But we do not think this explanation removed the prejudice of the incompetent testimony.

*Cain* v. *State,* 149 Ark. 616, and other cases to the same effect, are cited by the Attorney General in sup-

port of the court's ruling in admitting this testimony. These cases are to the effect that, while the general rule is that evidence of the commission of other crimes is admissible only when such evidence tends, directly or indirectly, to establish the defendant's guilt of the crime charged in the indictment, or some essential ingredient thereof, yet evidence of the commission of other crimes of a similar nature about the same time may be admitted if such testimony tends to show the guilt of the accused of the crime charged by disclosing the criminal intent, guilty knowledge, or identifies the defendant, or is a part of a common scheme or plan embracing two or more crimes so related to each other that the proof of one tends to establish the other.

We think, however, the testimony here admitted, over appellant's objection, does not come within any of the exceptions to the general rule under which evidence of another crime may be shown. There was no attempt to show that there was any scheme or plan or practice whereby appellant received stolen goods, or that the dresses were received by appellant pursuant to any scheme or plan; the time of the possession of the first stolen goods was not even shown; and, in the absence of substantial testimony tending to show that it was appellant's business or practice to receive stolen goods, this testimony was incompetent and prejudicial. *Wood* v. *State,* 157 Ark. 503.

The court gave, over appellant's objection, an instruction numbered 3, which advised the jury that the finding of stolen property in the possession of another, shortly after the said property had been stolen, raises a presumption of guilt as against the person in whose possession the same is found, but that this presumption is a rebuttable one, and that, if this possession is explained to the satisfaction of the jury, the presumption is overcome, and should not be considered as any evidence against the accused. After so announcing the law, the court proceeded in the same instruction to say that the finding of the property in the possession of the

defendant was not itself sufficient to warrant a conviction, but was merely a circumstance to be considered by the jury in passing on defendant's guilt or innocence, and that he should not be convicted unless they were convinced, beyond a reasonable doubt, that defendant knew the dresses were stolen when he received them.

We have here an instruction which contains the error which has been frequently condemned by this court as prejudicial. A recent case is that of *Pearrow* v. *State,* 146 Ark. 182, where it was said: "The court erred in telling the jury 'that the possession of property recently stolen and unexplained by the defendant affords presumptive evidence of his guilt.' This language was an instruction on the weight of the evidence, which was condemned by this court as erroneous and prejudicial in the quite recent case of *Long* v. *State,* 140 Ark. 413, when we said: 'The rule is that the unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn.' It is wholly within the province of the jury to draw or not to draw such inference, and it is an invasion of the province of the jury to tell them, as a matter of law, that the unexplained possession of recently stolen property raises a presumption of guilt. Other cases holding to this effect are cited in *Long* v. *State, supra.* The latter part of the instruction is a correct statement of the law, but it did not cure the vice of the language of the first part, just quoted." See also, *Gilcoat* v. *State,* 155 Ark. 455; *Spivey* v. *State,* 133 Ark. 314; *Long* v. *State,* 140 Ark. 413; *Alexander* v. *State,* 128 Ark. 35; *Mitchell* v. *State,* 125 Ark. 260; *Sons* v. *State,* 116 Ark. 357; *Reeder* v. *State,* 86 Ark. 341; *Thomas* v. *State,* 85 Ark. 138; *Duckworth* v. *State,* 83 Ark. 192; *Gunter* v. *State,* 79 Ark. 432; *Denmark* v. *State,* 58 Ark. 576; *Blankenship* v. *State,* 55 Ark. 244; *Shepherd* v. *State,* 44 Ark. 39; *Boykins* v. *State,* 34 Ark. 443.

There is no other assignment of error which we think requires discussion, but, for the errors indicated, the judgment must be reversed, and the cause will be remanded for a new trial.