LINDSEY *v.* STATE.

Opinion delivered February 27, 1928.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of grand larceny.

2. CRIMINAL LAW—HEARSAY TESTIMONY.—Though it is competent for defendant to introduce proof tending to show that the crime was committed by another, a statement or even an extrajudicial confession of the latter was inadmissible, being merely hearsay.

3. CRIMINAL LAW—ERROR NOT ASSIGNED IN MOTION FOR NEW TRIAL.— Alleged error in rendering a judgment on a verdict, as being indefinite and uncertain as to the offense charged, will not be considered, where it was not assigned as error in the motion for new trial.

4. CRIMINAL LAW—SUFFICIENCY OF VERDICT.—Under an indictment charging grand larceny and knowingly receiving stolen property, a verdict of guilty as charged in the indictment was not so indefinite and uncertain as to render a judgment thereon erroneous, where the State's testimony was directed, and the court's instructions related, to the charge of grand larceny.

Appeal from Pulaski Circuit Court, First Division; *Abner McGehee,* Judge; affirmed.

*John D. Shackleford,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

KIRBY, J. This appeal comes from a judgment of conviction for the crime of grand larceny. It is assigned as error that the evidence is insufficient to support the

verdict, and that the court erred in excluding certain testimony.

The testimony discloses that a Ford touring car, of the value of $400, was stolen from P. N. Wilkenson, in the city of Little Rock, about 10 o'clock on the night of March 5, 1927. The car was later found in July in possession of one Mun Hunter, near Toltec, Arkansas, who testified that he purchased it from appellant, agreeing to pay him $125 therefor, and did pay him $12 of the purchase money and kept the car from March to July. Stated that Henry Howard was present when he purchased the car, and also that he knew Son Hunter, who lived in North Little Rock, and was present at the dance the night he purchased the car.

Henry Howard testified that he was present when Mun Hunter purchased the car from appellant, and saw him make the payment and take charge of the car.

Lindsey testified that he did not steal the car, and denied that he had sold it to Mun Hunter, and that he had anything to do with it at all. Said that the statement made by Mun Hunter and Henry Howard was untrue; that he knew nothing about the taking of the car, and the first time he ever saw it Mun Hunter and Son Hunter were riding in it in town, and denied that Mun Hunter had ever paid him a cent on the car. Stated that Son Hunter had the car at his girl's house, in North Little Rock, and hung around there for nearly a year. Parked the car in front of her house, and sometimes in the back yard. Said that Son and Mun Hunter were supposed to be brothers; that he never talked to Mun Hunter about the car, but did ask Son Hunter where he got it, while the car was kept at the girl's house, and he replied that he bought it. Said also that Son Hunter told him, during the conversation, that he, appellant, knew nothing about the car. Denied that he saw Mun Hunter at a dance in March. Admitted that he knew the car Son Hunter had at the girl's house was the car that was taken from Mun Hunter, and which was claimed to have been stolen.

Another witness testified that he knew the Hunters and the girl, and that Son Hunter lived with her, and that he had seen this car at her place, kept there by Son Hunter, as much as two or three weeks at a time. That he had seen Son and Mun Hunter in the car together at the girl's house several times. That he first saw Son Hunter with the car at the girl's house before it ever went to Toltec, and that, after it was taken down there, he saw both Son and Mun Hunter riding in it.

The evidence is not disputed that the car was stolen recently before it was found in the possession of Hunter, who, with other witnesses, testified he had purchased it from appellant, who admitted that he knew the car taken from Mun Hunter was claimed to have been stolen.

The jury evidently believed Hunter's story about having purchased it from appellant, and found accordingly, and the evidence is legally sufficient to warrant the conviction. *Daniels* v. *State,* 168 Ark. 1083, 272 S. W. 833; *Mays* v. *State,* 163 Ark. 232, 259 S. W. 338; *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029.

The second assignment, that the court erred in excluding from the jury appellant's statement that Son Hunter had said to him, while he was in jail, "I know you don't know anything about it yourself," referring to the taking of the automobile. This was a self-serving declaration, and, although it was competent for the defendant, in order to show his innocence, to introduce proof tending to show the crime was committed by another person, the statement of such third person, or an extrajudicial confession even, would merely have been hearsay, and was not admissible. *Tillman* v. *State,* 112 Ark. 236, 166 S. W. 582; *Spurgeon* v. *State,* 160 Ark. 112, 254 S. W. 376.

It is argued that the court erred in rendering a judgment upon the jury's verdict, which, it is claimed, is not definite and certain as to the offense of which appellant was found guilty. It is true appellant was charged with grand larceny and knowingly receiving stolen property, and the jury rendered a verdict finding him "guilty as

charged in the indictment," but this was not assigned as error in the motion for a new trial, and need not be considered. The State's testimony, however, was directed to the charge of grand larceny, and the court's instructions related thereto, and virtually amounted to an election to prosecute upon that charge.

We find no prejudicial error in the record, and the judgment is affirmed.