## RILEY *v.* STATE.

Opinion delivered September 28, 1931.

*Feazel & Steel,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

SMITH, J. This appeal is from a judgment of the Pike Circuit Court, sentencing appellant to a term of one year in the penitentiary upon a charge of stealing certain wearing apparel from the Highland Stores, Incorporated.

The sheriff of the county, who was a very material witness against appellant, offered in evidence a letter, which he said had been written by appellant. This letter was signed in the name of appellant, and was addressed to Roy Henderson, who was suspected of complicity in

the larceny, and the statements therein contained were of the most damaging character.

Appellant testified that at the time of the date of the letter he was confined in jail in Howard County, and that his right hand was injured so that he could not write, and that he did not write the letter.

The sheriff was asked upon his cross-examination, ''Where did you get this letter? You didn't get it from Lewis, [appellant] did you?'' An objection to this question was made by the prosecuting attorney, which was sustained by the court. In so ruling, the trial judge said: ''Court: I don't think that is competent. It is a question whether it is or is not his letter. It is immaterial where he got the letter. It is immaterial how he obtained possession of the letter, if it was his letter.''

Counsel for appellant insisted that he be allowed to interrogate the witness as to the source of the letter, and stated that he was advised that the witness had said he obtained the letter from a Mr. McClure, and that Mr. McClure would testify that he did not deliver the letter to the witness.

We think error was committed in refusing to permit counsel for appellant to interrogate the sheriff as to the source of the letter. It was, of course, immaterial, as stated by the court, how the sheriff got the letter, if appellant wrote it. But that was the question in issue. The authorship of the letter was an issue in sharpest dispute, and appellant denied having written it. It was therefore highly relevant to develop the source of the letter and the means or agencies by which it had come into the sheriff's hands in determining the authorship of the letter. The sheriff, who offered the letter in evidence, did not claim to be a handwriting expert, but testified that he recognized the letter as having been written by appellant; that he knew appellant's writing, and he knew appellant had written this letter by the manner in which the letter ''r'' was made.

This testimony did not conclude the question of the authorship of the letter, and in passing upon this highly

important question the jury should have been permitted to hear any relevant testimony which would have aided them in so doing, and certainly the circumstances under which the sheriff had acquired possession of the letter could not be regarded as irrelevant or immaterial.

An instruction was given upon the possession of recently stolen property, to which the specific objection was made, that the stolen property was not found in appellant's possession. This, however, was a question of fact. Certain wearing apparel, which was identified as similar to that stolen from the Highland Stores, was found in a vacant house near that in which appellant resided with his father. Two shirts of a similar kind were found in appellant's room, but these he claimed had been given him by his brother-in-law, and the latter so testified. A path led from the house in which appellant resided to the vacant house, and in this path was seen a track which was made by a shoe having a hole in the sole. Appellant had on such a shoe. The stolen goods, although found in a vacant house had not been abandoned, and it was a question for the jury whether they were in appellant's possession when found.

Appellant asked an instruction, which the court refused to give, reading as follows: ''You are told that you cannot convict upon proof, if any, that defendant was in possession of recently stolen property alone.'' No error was committed in refusing to give this instruction. *Yelvington* v. *State,* 169 Ark. 359, 275 S. W. 701; *Dennis* v. *State,* 169 Ark. 505, 275 S. W. 739. It was held in both of these cases that the possession of property recently stolen justifies the inference that the possession is a guilty one, and may be of controlling weight unless explained by circumstances or accounted for in some other way consistent with innocence. But we have also said that it would be improper to so charge the jury, as to do so would constitute a charge upon the weight of the evidence, and that it was ''wholly within the province of the jury to draw or not to draw such inference,'' and that courts should not invade the pro-

vince of the jury by telling them, as a matter of law, what inference arose from such possession. *Mays* v. *State*, 163 Ark. 232, 259 S. W. 398.

Upon the whole case we find no error in the record except the refusal of the court to permit the sheriff to be interrogated as to the source from which he had obtained possession of the letter hereinabove referred to. But for this error the judgment must be reversed, and the cause will be remanded. It is so ordered.