## DRUMMOND v. STATE.

### Crim. 3947

Opinion delivered September 23, 1935.

John Mayes and Rains & Rains, for appellant.

Carl E. Bailey, Attorney General, and Guy E. Williams, Assistant, for appellee.

SMITH, J. Appellant, Joe Drummond, was tried under an indictment which charged that he and Dan and Ira Drummond had stolen two hogs, the property of H. A.

Francis. He was convicted, and they were acquitted. For the reversal of the judgment sentencing appellant to a term in the penitentiary, it is insisted (1) that the testimony is insufficient to sustain the conviction; (2) that the court erred in the exclusion of certain testimony, and (3) in giving an instruction numbered 5.

The testimony establishes without question that appellant took possession of the two hogs, and it appears to be admitted that they were the property of Francis. The defense interposed was that appellant had taken possession of the hogs under the honest belief that they were his. Testimony was offered in appellant's behalf that the hogs in question were about the age of a litter of pigs owned by appellant which had strayed away from the home where appellant had formerly lived, but had later returned to this place after appellant had removed to another home. He found the pigs at his former home, and drove them to his present home, where, in conjunction with his brothers, who are codefendants, he killed one of the hogs and salted it down, and put the other in a little outhouse.

The owner's testimony as to the time and manner in which the hogs were taken up, and appellant's conduct when one of the hogs was found in his possession, support the finding that appellant knew the hogs did not belong to him. If this was true—and the testimony is sufficient to support that finding—it is unimportant whether appellant knew who the true owner was. We conclude therefore that the testimony is sufficient to sustain the conviction.

Ed Barnard, who was called as a witness for appellant, was asked this question: ''Did you ever have a conversation with Joe'' (appellant) ''before he was arrested about some hogs?'' Upon objection being made to the question by the prosecuting attorney appellant's counsel said: ''I want to show that Joe came and asked him to go and look and see if they were his.'' The prosecuting attorney remarked: ''Joe knew they were not his.'' The trial judge then ruled: ''That would be self-serving. There is no contention about this man's hogs.'' Thereupon counsel for appellant stated: ''The defend-

ant offers to show by the witness that this defendant made inquiry around over the country to see if anybody had lost any hogs and asked if he would come and look at the hogs—these particular hogs in the indictment.''

It is unfortunate that appellant's counsel was not required to make his offer of testimony more definite. The observation of the judge, above quoted, makes it apparent that the judge was under the impression that counsel was proposing to prove a conversation between the accused and the witness concerning inquiries which appellant had made around over the country. If appellant's counsel was attempting to show—as the trial judge evidently thought he was—that appellant had told witness that he had made inquiry around over the country, the testimony was self-serving, and was inadmissible for that reason. The offer to make proof was not made in a manner to apprise the court that it was proposed to show that the witness had personal knowledge of the fact that appellant had made inquiry among the neighbors as to the loss of their hogs. Such testimony would have tended to show good faith on appellant's part; but testimony that he had so told the witness would be merely a self-serving statement. 1 Wharton's Criminal Evidence, § 505; *Butler* v. *State,* 34 Ark. 480; *Lindsey* v. *State,* 176 Ark. 398, 3 S. W. (2d) 37; *Patterson* v. *State,* 179 Ark. 309, 15 S. W. (2d) 389.

Instruction numbered 5, to which objection is made, reads as follows: ''If the defendants—any one of the defendants—took, stole or carried away the property without the assistance of the other, then only one would be guilty. If they all assisted in taking of the hogs, then all would be guilty. If they took these hogs, honestly believing they were their own property, and placed in their own shop and pen or barn, honestly believing to be their own property, then they are not guilty of stealing the other man's property, even though you find it was the property of the other man.''

No specific objection was made to the instruction at the time it was given, and it is now argued that it leaves out of account the question of appellant's good faith

when he took up the hogs. The instruction does not deal with that phase of the case primarily. Other instructions did, and correctly so. It has been stated that appellant and two other persons were tried jointly, and the instruction declared the law as to the conditions under which persons participating in the asportation would be guilty. However, the instruction does state that, "if they took these hogs, honestly believing they were their own property, and placed in their own shop and pen or barn, honestly believing to be their own property, then they are not guilty of stealing the other man's property, even though you find it was the property of the other man." There was no error in giving the instruction.

Upon a consideration of the whole case, we find no error, and the judgment must therefore be affirmed, and it is so ordered.