LEE AND STEWART *v.* STATE.

4173 141 S. W. 2d 845

Opinion delivered June 24, 1940.

*D. L. Grace* and *I. S. Simmons,* for appellants.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

Baker, J. The appellants were changed by information with the offenses of burglary and grand larceny. They were convicted and duly sentenced. Several instructions were requested by the appellants, only one of which was given. It is argued on the part of the State that the objections made to the court's refusal to give all these instructions were *en masse.* If any instruction was bad, the court's ruling was correct. It has been so decided, in principle, in the case of *Long* v. *State,* 140 Ark. 413, 216 S. W. 306. On the matter as there presented it was held that the exception cannot avail unless all the instructions are erroneous.

We prefer, however, to consider these instructions separately and have done so, having due regard to the entire record. We think it may not serve any benficial interest or useful purpose to set-out these instructions in full and discuss them together or separately. We have carefully examined the instructions and find that all of them relate to a single proposition, which particular matter is presented by the several instructions requested; that is to say, the appellants asked the court to tell the

jury that if either one or more persons had an equal chance with the defendants to commit the alleged crimes and that if there is no positive proof connecting the defendants with the alleged crimes and that if the proof consists of a chain of circumstances which would leave in the minds of the jury a reasonable doubt as to whether the crime was committed by another and not by these defendants, the jury should render that doubt in favor of the defendants. The instruction was given and was perhaps more favorable than the appellants had a right to expect; no other instruction to the same effect was given. It will, therefore be seen that appellants' theory or defense has been covered in a favorable light, though several of their requests have been denied. There is certainly no error in not repeating instructions nor presenting the same matter in a different form. That very question was settled by this court in the case of *Hogue v. State,* 194 Ark. 1089, 110 S. W. 2d 11. We might add that most of the instructions requested were somewhat argumentative in form, in addition to the other matters just stated. Of course, one who requests an instruction upon any particular theory must be careful to present a correct one.

The only other question raised upon this appeal is that the evidence was not sufficient to warrant a conviction. We have examined appellants' abstract as well as the abstract prepared by the Attorney General and in addition we have read the entire record, searching out the proof that has been discussed and criticised by the appellants. There is no good cause to set out this proof in detail, but stated generally it is to the effect that an automobile was burglarized, in the city of Fort Smith and certain particular items of property, some of which will be mentioned below, were stolen and carried away. The officers in their investigation found these two men in an automobile. They claimed to be the owners of it. When asked for a driver's license they then said that the owner was in a show nearby and when they were unable to find the owner in the show the two defendants were taken to jail and the room that they had occupied was searched and property but recently stolen from an

automobile in Fort Smith was found therein. Among the articles found and identified, which had been stolen from the one car was a particular make or brand of target pistol, number identified, and one road light. Both these articles were found concealed in the room that these defendants occupied, together with some other articles identified by the owner of the automobile, lost at the same time. The articles had been hidden or secreted in the room, not left where they might have been expected to have been found if placed there by the actual owner or one rightfully in possession of them. At the place where these appellants had been rooming or living they occupied what was known as the front room. Two other rooms in the same apartment could be reached by going to a front or back porch, but not by connecting doors as we interpret the proof presented and argued. It was admitted that other people might have entered this same room either from the back or from the front porch. Others who occupied parts of the same apartment were the sister of the appellants, her husband and three or four small children and another unmarried sister who was there a part of the time. There is a contention, but not much proof, that other people had free access thereto or that others may have occasionally visited the place.

The matters argued by the appellants as a defense are that others had opportunities equal to those of these appellants to use as a resort or place within which to secrete the stolen articles and the strong implication of this argument is that the sister of the appellants and her husband should have been, at least, subject to the same suspicion that rested upon them. These appellants recognized that the law is that the possession of recently stolen property, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction of larceny. It was so held in *Woodall and Hickman* v. *State, ante,* p. 665, 140 S. W. 2d 424.

It was there said: "The jury were not bound to receive the explanation, but it was their province to determine the reasonableness of the explanation made and the truth thereof. Such is the rule announced in

*Daniels* v. *State,* 168 Ark. 1082, 272 S. W. 833; *Bowser* v. *State,* 194 Ark. 182, 106 S. W. 2d 176; *Morris* v. *State,* 197 Ark. 778, 126 S. W. 2d 93.''

Appellants now seek to avoid the effect of this principle of law by the contention that these goods were not found in their possession; that the location in the room that they had been occupying was not in fact proof that the goods were in their possession. This was a question of fact properly submitted to and determined by the jury. In a somewhat recent case, *Riley* v. *State,* 184 Ark. 227, 42 S. W. 2d 15, this court passed upon a similar proposition. In fact, the proof was not nearly so strong in that case as in the one under consideration. In that case the proof showed that the defendant lived with his father and nearby their place of residence was a vacant house in which some of the stolen property was found. Between the house occupied by the defendant and the one where the stolen property had been found was a pathway in which there was found a track, made by a shoe with a hole in the sole or bottom thereof. The defendant was wearing a shoe that would have made that kind of track, so it became a question of whether the property had been abandoned or stored, or was stolen and placed there to be seized or picked up again at the pleasure of the one who had secreted it. The jury found upon the submission of this question that the property recovered had not only been recently stolen, but that it was still in the possession of the defendant. The Attorney General calls our attention to a similar case where wheat had been stored in a barn upon appellant's premises and this barn and premises where the wheat was stored were accessible to others and the court discussed this possession on the part of the defendant as distinguished from actual custody about the person and upheld an instruction of the court upon this particular matter. *State* v. *Humphreys,* 118 Wash. 472, 203 Pac. 965.

It must appear, therefore, that this question of the possession of property recently stolen and unexplained, as determined adversely to appellant's contention, was sufficient to warrant the conviction.

In the course of the trial, Mrs. Nellie Harkness, sister of the appellants, testified about as follows: "Don't know where brother got the watch I have had it about two months. I never took the property to my house. Bill Stewart is eighteen years old. John Lee's mind is not normal. Mother died ten years ago."

At this point counsel for the defendant Lee stated: "We plead insanity."

The witness continued: (Part of the typewritten brief is illegible) "John Lee is nervous. When you say things to him he blows up, gets mad; sits around, says nothing, does not remember anything, has never been confined to the State Hospital for Nervous Diseases. He made first grade in school, don't know about others. He lives at my house so I can see after him."

It is now urged that the court erred in not making some investigation of the charge of insanity upon the statement of Mrs. Harkness above quoted. There was no formal plea at any time of this charge before or during progress of the trial. The only basis for the plea is the statement of the sister and it is apparent that this statement comes from a non-expert. Under the law, it amounted to no evidence whatever that the appellant was insane. This evidence of a non-expert upon such questions, without stating facts as a basis therefor, must be regarded as not substantial and ineffectual to form a basis for the charge. *Beller* v. *Jones,* 22 Ark. 92; *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S. W. 973; *Seeman* v. *Hilderbrand,* 195 Ark. 677, 113 S. W. 2d 734.

The judgments are, therefore, affirmed.