STEWART *v.* STATE.

4541                                216 S. W. 2d 873

Opinion delivered January 31, 1949.

*Lyman W. Mikel,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

HOLT, J.   Appellant, Russell Stewart, was convicted of the crime of grand larceny and a sentence of one year in the State Penitentiary imposed.   From the judgment is this appeal.

For reversal, appellant first contends that the evidence was not sufficient and that the trial court erred in denying his motion for an instructed verdict of not guilty at the close of all the testimony.

The evidence shows that between the 15th and 18th of March, 1948, there were stolen from the farm of R. B. White a Buick motor used to operate a sawmill, three sawmill pulleys, timber wedges, a generator water pump and distributor from another Buick motor, and other articles of a value of more than $10. This property was found by officers in the possession of the Yaffee Iron & Metal Company, Muskogee, Oklahoma, and returned to the owner.

Appellant, upon being questioned by Sheriff Maddux of Sebastian county (quoting from the sheriff's testimony): "He, (meaning appellant) admitted that he went over there (Muskogee) and sold the stuff, but couldn't tell us where he got it. He just said that he probably bought it and he also said he had been down on the island picking up junk." "The Court: Mr. Sheriff, did he tell you that he got this stuff? A. We questioned him about the motor and where he got it after we recovered it and he told us that he had been over there the day before and sold this motor." It appears that these statements by appellant were freely and voluntarily made and there was no objection to the sheriff's testimony.

Mr. Yaffee testified that he had known appellant "since I was a kid" and that according to his sales tickets, he purchased 1920 pounds of scrap iron for $28.80, from appellant on March 18, 1948. He was not personally present when the purchase was made. He did not make out the tickets himself, and "Q. You don't know what was bought from Russell Stewart, do you? A. No, sir."

There was also evidence that a red Dodge pick-up truck had been seen in the vicinity of Mr. White's farm shortly before the theft and when appellant was arrested at his home, he had a red pick-up truck similar to the one above referred to.

From the above substantial testimony, the jury was warranted in finding appellant guilty. It appears to be undisputed that he was in possession of the property

in question here, which had been recently stolen, and he attempted no explanation of his possession of it other than his statement to officers that he purchased it from two men whom he did not know.

"We have several times held that 'the possession of recently stolen property, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction either of larceny or of receiving stolen property.' " *Jones* v. *State,* 208 Ark. 918, 188 S. W. 2d 131, and in *Riley* v. *State,* 184 Ark. 227, 42 S. W. 2d 15, we said: "The possession of property recently stolen justifies the inference that the possession is a guilty one, and may be of controlling weight unless explained by circumstances or accounted for in some other way consistent with innocence."

It is also a well settled rule "that if the evidence was sufficient to convict appellant then the trial court committed no error in refusing to direct a verdict. In the recent case of *Graham and Seaman* v. *State,* 197 Ark. 50, 121 S. W. 2d 892, we said: 'It is true that at the end of the testimony for the state appellants asked the court for a directed verdict of not guilty. If, however, the evidence was sufficient to sustain the verdict of the jury, and we hold it was, of course, there was no error in refusing to give this instruction.' " *McDougal* v. *State,* 202 Ark. 936, 154 S. W. 2d 810.

Appellant's next contention that the state failed to establish the venue of the crime is untenable for the reason that there is a presumption that the offense charged was committed within the jurisdiction of the trial court unless the evidence affirmatively shows otherwise. Here the information specifically alleged that the crime was committed in the Greenwood District of Sebastian County, and we find no affirmative evidence in the record to the contrary.

Arkansas Stats. (1947), § 43-1426, provides: "Presumption of venue.—It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may

pronounce the proper judgment accordingly, unless the evidence affirmatively shows otherwise. (Initiated Act No. 3 of 1936, § 26, Acts 1937, p. 1384." See *Meador* v. *State,* 201 Ark. 1083, 149 S. W. 2d 653.

Finding no error, the judgment is affirmed.