## DENNIS *v.* STATE.

### Opinion delivered October 12, 1925.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to warrant the jury in returning a verdict of guilty.

2. LARCENY—POSSESSION OF STOLEN PROPERTY.—The possession of property recently stolen justifies the inference that the possession is a guilty one, and may be of controlling weight unless explained by circumstances or accounted for in some way consistent with innocence.

3. CRIMINAL LAW—SECONDARY EVIDENCE.—Where a check given in payment for stolen property was admissible in evidence, upon proof of its loss, it was not error to allow the stub of the check to be introduced in evidence.

4. CRIMINAL LAW—COMPETENCY OF EVIDENCE.—Generally, evidence is competent, though not of itself sufficient to establish a fact, if it is such that the jury may, in connection with other relevant facts, support a finding upon some issue material to this cause.

5. CRIMINAL LAW—COMPETENCY OF EVIDENCE.—It was competent, in a prosecution for larceny, to show that defendant had sold a box of tobacco alleged to have been stolen, from which the name of the owner had been erased.

6. CRIMINAL LAW—INCRIMINATING ADMISSIONS.—Where defendant, when arrested, stated to the officers that at the time the alleged larceny was committed he was near a distant city, but at the trial he testified that he was elsewhere, his prior statement was admissible to contradict him and as an admission tending to show guilt.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. Walter Dennis prosecutes this appeal to reverse a judgment of conviction against him for the crime of grand larceny.

The first assignment of error is that the evidence is not legally sufficient to support the verdict.

According to the testimony of the witnesses for the State, the storehouse of Elmer Carter at Durham, Washington County, Arkansas, was broken into in the nighttime somewhere near the 16th day of July, 1924, and between sixty and seventy-five dollars' worth of tobacco and a sack of sugar were taken therefrom. In a day or two afterwards, Carter received information that his tobacco was in a storehouse at Tahlequah, Oklahoma. He immediately went there and identified a quantity of tobacco in the storehouse of C. C. Estepp as being the tobacco which had been stolen from his store. Carter had been in partnership with his brother-in-law under the firm name of Carter & Anderson. He bought his brother-in-law's interest in the store and continued to run it in the name of Carter & Anderson. The tobacco in question was shipped to him in the name of "Carter & Anderson, Durham, Ark.," and these words were marked on the tobacco boxes. The tobacco boxes found in the store of C. C. Estepp were plainly marked with the words, "& Anderson, Durham, Ark.," and the word "Carter" had been partially rubbed off or scratched out. C. C. Estepp bought the tobacco from W. D. Dennis, and gave him a check for $29.91 in payment of it. This was something like one-half of the invoiced value of the tobacco. A short time after Estepp bought the tobacco, he told the chief of police of Tahlequah about having purchased it and the price he paid for it. The chief of police examined the tobacco box, and, when he found that the word "Carter" had been marked or scratched off, he asked Estepp for and obtained this piece of wood.

The chief of police wrote to the sheriff of Washington County to find out if a store had been burglarized there, and, after he found out that it had been, he turned over this piece of plank or wood to the sheriff of Washington County, Ark. He also turned over to him the check which Estepp had given the defendant in payment of the tobacco, and this check bore the indorsement, "W. D. Dennis." This check was given the chief of police by Estepp.

Another witness testified that he had examined the check in question and recognized the indorsement as the handwriting of W. D. Dennis.

The defendant relied upon the defense of an alibi, and introduced evidence tending to establish it.

The evidence for the State, if believed by the jury, was sufficient to warrant it in returning a verdict of guilty. Possession of property recently stolen justifies the inference that the possession is a guilty possession, and may be of controlling weight, unless explained by circumstances or accounted for in some way consistent with innocence. We have repeatedly held that the recent possession of stolen property by the defendant unexplained, when taken in connection with other circumstances similar to those proved in this case, is sufficient to warrant a verdict of guilty. Indeed, the recent possession of stolen property by the accused, unexplained, warrants the jury in returning a verdict of guilty. *McDonald* v. *State*, 165 Ark. 411, and cases cited.

The third assignment of error is that the court erred in permitting the State to read in evidence the stub of the check which was claimed to have been given by C. C. Estepp to the defendant in payment of the tobacco.

The record shows that Estepp gave to Dennis a check for $29.91 for some tobacco purchased by him from the defendant, and that this tobacco was identified by Elmer Carter as the tobacco which is charged to have been stolen from him. Estepp turned this check over to the chief of police at Tahlequah, Oklahoma, and he in

turn turned the check over to the sheriff of Washington County. It was placed among the papers in the grand jury room, but in some unaccountable way it became lost. Upon proof of these facts the court allowed the stub of the check, which was identified as such, to be introduced as evidence in the case.

Under the circumstances there was no error in permitting the stub to be introduced as secondary evidence of the check which had been shown to be lost. If the check had not been lost, it would have been admissible in evidence. The general rule is that evidence is competent and admissible, though it may not be such as of itself to establish a fact, if it is such that the jury may, in connection with it and other relevant facts, make a finding respecting some issue material to the cause. Carter had identified the tobacco for which the check was given in payment as the tobacco which had been recently stolen from him when his store was burglarized. Hence its relevancy is apparent.

Then, upon the same principle of law, there was no error in allowing the State to introduce the plank on which appeared the words "& Anderson, Durham, Ark.," and which showed that the word "Carter," appearing before these words, had been nearly scratched off. Under the circumstances, this attempted mutilation of the plank might be construed by the jury as an attempt on the part of the defendant, who had possession of the tobacco, to keep it from being traced as the tobacco which had been taken from the store of Elmer Carter when it was burglarized.

Other assignments of error are based upon the court allowing the State to prove by the sheriff that the defendant had stated to him when arrested that he had been in Ft. Smith, Arkansas, on the night the robbery was charged to have been committed.

On this point the record shows that the defendant was arrested in Madison County in July, 1924, by the sheriff of that county, and the defendant was told by him

that, if he could prove his whereabouts on the night the store was burglarized, he could prove his innocence. The defendant replied that he was visiting his mother over close to Ft. Smith on that night. This answer was voluntarily given by the defendant. On the trial of the case, he relied upon the defense of an alibi, and several witnesses including himself testified that he was at the home of his brother-in-law on the night in question, and that his brother-in-law lived in Washington County, quite a distance from Ft. Smith.

Under the present state of the record there can be no doubt that the statement made by the defendant to the sheriff that he was in Ft. Smith on the night of the alleged burglary was false. If it was intentionally false, it tended to show the guilt of the defendant because it was in the nature of an admission of guilt. Of course, it was not necessary in order to render the evidence admissible that it should be sufficient to establish the guilt of the defendant. Its weight was for the jury, and it is sufficient that it tended to establish a material issue in the case.

We have examined the instructions given by the court and consider them to be correct declarations of law as applicable to the facts.

We find no reversible error in the record, and the judgment will be affirmed.