COMPTON *v.* STATE.

Opinion delivered June 15, 1931.

*Isaac McClellan,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. This appeal is from a judgment sentencing appellant to a term of one year in the penitentiary upon a charge of stealing two hogs, the property of Nevia Schultz. For the reversal of this judgment, it is insisted (1) that the testimony was insufficient to sustain the conviction, and (2) that incompetent testimony was admitted over the appellant's objection.

As to the sufficiency of the testimony, it may be said that evidence was offered to the following effect. Miss Schultz, the owner of the stolen hogs, testified that about daylight on December 23, 1930, she was awakened by hearing her hogs squealing. She and her nephew, who lived with her, went to where her hogs, five in number,

bedded, and found all were gone. There was fresh blood in the hogs' bed, which had been covered over with loose earth to conceal it. There was a wagon track, which they followed until it left the public road and went out a private road which led to appellant's house. Miss Schultz then sent her nephew to Sheridan, the county seat, to obtain a warrant for the search of appellant's home and that of appellant's brother and brother-in-law, who lived nearby. Search was made by the officers that afternoon of appellant's home, and a freshly killed hog was found salted down in a tub. Fresh sausage was found in a pan, and in another pan two cooked hogs' heads were found. The noses had been cut off just below the eyes and had been cleaned in the usual way. The hogs' heads had been cooked to pieces but it looked as if the ears had been cut off both heads. Miss Schultz testified that she had marked the ears of her hogs.

Appellant was absent from his home when the officers arrived there, and they found his wife and another woman cooking the hogs' heads. An officer asked one woman where the ears were, and she said they were in the pan. The officer took a fork and stirred around in the pan until convinced the ears were not in it. The other officer asked the other woman about the ears, and she said they had eaten them. These statements were made by the women in the absence of the appellant, and the admission of this testimony was objected to on that account.

Miss Schultz and her nephew did not claim at the time that they had identified the hogs as the property of Miss Schultz, although she testified that she did recognize and identify them by certain marks on their noses, which she knew well, as she had fed the hogs every day. The officers went from the appellant's home to that of Nathan Wooley, his brother-in-law, where they found a fresh hog cut up and salted down except its head. There was no one at Wooley's house, and the officers then went and searched the home of Ed Compton, a brother of appellant, who was also absent, but no fresh meat was found.

The officers did find at Ed Compton's home a wagon which Ed owned, in the bed of which fresh blood spots were found.

On behalf of appellant, much testimony was offered to the effect that at about daylight on the morning of the 23d, which was about the time Miss Schultz was awakened by the squealing of her hogs, appellant was at a timber camp about four and one-half or five miles away.

As to this testimony, we can only say that it presents a question of fact for the jury. The court's charge upon the alibi defense is conceded to have been correct and in conformity to the law, and, if this defense was found by the jury not to have been established, it follows that the other testimony is legally sufficient to sustain the conviction.

The testimony on the part of appellant was to the effect that he and other members of his family owned a number of hogs, and that appellant's brother Joe killed a hog for appellant Monday afternoon, and that he killed another for his sister on the same day, this being the day preceding the killing of Miss Schultz's hogs.

It was the province of the jury to pass upon these questions of fact, and the testimony is legally sufficient to support the finding that appellant was found in possession of hogs belonging to Miss Schultz which had been recently stolen, and the reasonableness and sufficiency of his explanation of their possession was a question of fact for the jury. Dennis v. State, 169 Ark. 505, 275 S. W. 739; McDonald v. State, 165 Ark. 411, 264 S. W. 961.

We think no error was committed in admitting the testimony as to what the women said at appellant's home concerning the ears of the hogs in the absence of appellant. It is, of course, ordinarily true that the statements of third parties made in the absence of the accused are inadmissible against him; but this testimony related to a relevant fact in the case, that of the whereabouts of the hogs' ears and the failure to find them at the place where they would likely be. The women were cooking the heads, and they were asked where the ears were. It was

competent to show, even though appellant was absent when the hogs were found, that the ears could not also be found. One of the women answered that the ears were in the pan, and the other that they had been eaten. The absence of the ears, which contained the marks, made the identification of the hogs less certain, and we perceive no reason why the circumstances that the ears were missing might not be shown, even though appellant was absent when the hogs were found.

As no errors appears, the judgment must be affirmed, and it is so ordered.