MARTIN *v.* STATE.

Crim. 3884

Opinion delivered June 18, 1934.

*Vernon Bankston,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J. Appellant was tried under an indictment charging him with the crime of murder in the first degree, alleged to have been committed by shooting and killing one Young Butler. He was convicted of murder in the second degree, and given a sentence of sixteen years in the penitentiary, and has prosecuted this appeal to review and reverse that judgment.

It is assigned as error that the testimony is not sufficient to support the conviction. This assignment of error may be disposed of by saying that, according to the testimony on behalf of the State, the defendant made an unprovoked assault upon the deceased at a church during the church services. The parties were all negroes.

It is assigned as error that the court refused to charge the jury as to the difference between murder in the first degree and murder in the second degree. But the record does not support this assignment. The court fully and correctly defined the crime of murder, and, after doing so, then charged the jury as follows: "If you find from the evidence beyond a reasonable doubt that the defendant in Ashley County, Arkansas, and within three years next before the return of this indictment into court, with malice aforethought but without premeditation or deliberation, shot and killed the deceased, Young Butler, as alleged in the indictment, you will find him guilty of murder in the second degree."

Thereafter the court gave an instruction requested by appellant defining premeditation and deliberation.

It is insisted also that the court erred in failing to charge the jury as to the crime of manslaughter and the difference between that crime and the crime of murder. But it does not appear that the court was asked to do so, or that any instruction was requested by defendant on that subject. It has been frequently decided that, where an accused desires an instruction on a particular issue not covered by the instructions given, he should request a correct instruction thereon, and he will not be heard to complain where he fails to do so. *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. (2d) 909. It was held in the case of *Graves* v. *State,* 155 Ark. 30, 243 S. W. 855, (to quote a headnote) that: "Where defendant requested no instruction submitting the issue of manslaughter in a prosecution for murder, he cannot complain of the court's omission to give such an instruction."

It is insisted that a new trial should have been granted on account of newly-discovered evidence to the effect that the deceased had made violent threats against

the accused which had not been communicated but which would have been admissible, as tending to show who had been the aggressor in the fatal difficulty, notwithstanding the fact that the threats had not been communicated. It was not shown, however, that this evidence could not have been procured had proper diligence been exercised, and for this reason the court did not err in refusing appellant's motion for a new trial on the ground of newly-discovered evidence. *Lewis* v. *State,* 155 Ark. 215, 244 S. W. 458, and cases there cited.

It is finally insisted that the verdict returned was a quotient verdict, arrived at by adding together the number of years for which each juror thought the defendant should be sentenced for murder in the second degree—all the jurors having voted that the accused was guilty of that crime—and dividing that total by twelve. It was stipulated ''that, if the members of the jury were permitted to testify, they would give the testimony as outlined in the motion for a new trial signed by the defendant.''

This method of arriving at verdicts was condemned in the case of *Williams* v. *State,* 66 Ark. 264, 50 S. W. 517; but it appears that no objection was there raised as to the competency of the testimony of the jurors to that effect. The court there said: ''The facts are admitted, and we need not therefore discuss the method by which they were established.'' The opinion recites that evidence bearing on this point was introduced both by the State and the defendant at the hearing of the motion for a new trial.

We do not understand that the evidence of the jurors was offered without objection on the hearing of the motion for a new trial in this cause. The stipulation signed by the prosecuting attorney reserved the question of its competency, and admitted only that the jurors would so testify if they were permitted to testify.

This identical question has been several times considered, and the cases on the subject were reviewed in the recent case of *Patton* v. *State, ante* p. 133, where an attempt was made to show that the verdict upon which the accused had been sentenced was a quotient verdict, simi-

lar to the one here brought into question. We there held that the verdict of a jury could not be impeached by the testimony of a member of the jury except only to show that the verdict was made by lot, and there was no other testimony except the offered testimony of the jurors as to the manner in which the verdict had been reached. It was not error therefore to refuse to grant a new trial upon this incompetent testimony.

Upon a consideration of the case in its entirety there appears to be no error, and the judgment must therefore be affirmed, and it is so ordered.