SHAW *v.* STATE.

Crim. 4032.

Opinion delivered June 7, 1937.

*Joe W. McCoy,* for appellants.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

BUTLER, J. The appellants were charged and convicted as accessories before the fact to the crime of arson. Punishment was fixed at one year in the state penitentiary.

On appeal, appellants contend that the evidence showed no substantial corroboration of the testimony of the accomplice.

One, John Dorris, was arrested charged with having set fire to and the burning of a certain house. He admitted his guilt and testified that he had been hired to burn the house by the appellant, Gid Shaw; that he procured one, Clyde Holford, to assist him. Holford testified that he assisted in the burning of the house and that previous to the burning he had seen Dorris and Gid Shaw in conference and that the appellant, Charlie Shaw, was with them. Both Dorris and Holford testified that they were taken in a car driven by Charlie Shaw to a point near the place where the house was situated and that Gid Shaw was riding on the front seat with Charlie

Shaw. The two had gone to an appointed place and were picked up by the automobile which had in it some gasoline and oil in containers in "tow" sacks. Dorris and Holford further testified that the car was stopped near the house which was to be burned and they got out taking with them the sacks containing the oil and gas and carried them to a sweet gum tree; that this was during the night; that they remained under the tree until the neighborhood became quiet and then carried the oil to the house and used it in igniting the building; that when they took the sacks out of the car appellants drove away to a predetermined point where Dorris and Holford met them after the fire and were carried away.

The corroborating testimony was that of one, Freeman Scott, who stated that he lived near the house which was burned; that a short time before the fire he saw and recognized the appellants driving in a car past where he was standing; that they stopped a short distance away and two men who were sitting on the back seat got out of the car, and removed from it some sacks and carried them to a sweet gum tree where they stopped; that the car was then driven away.

This testimony is criticized by the appellants because of its unreliability. Attention is called to the fact that it was around ten o'clock at night when the witness, Scott, saw the automobile which was moving at the time, and that it was unreasonable to believe that he could have recognized the occupants of the front seat under those circumstances. It is sufficient to say that this was purely a question for the jury. They believed the testimony of Scott, and there is nothing in the evidence to show that it was physically impossible for the witness to have recognized the appellants as he said he did. The testimony of Scott, independent of that of the accomplices, tended to connect the appellants with the commission of the crime, although it might not have been sufficient of itself to convict them. This satisfies the rule. The sufficiency of the corroborating evidence was a question for the jury and, together with the testimony of the accomplices, it is clearly sufficient to sup-

port the verdict. *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Mullins* v. *State,* 193 Ark. 648, 102 S. W. (2d) 82.

Dorris testified that he was to be paid $5 for burning the house and, in addition, that appellant, Gid Shaw, was to put some of Dorris' livestock on the railroad track for the purpose of having them killed by the trains so that he (Dorris) could collect for them. Objection was made to this testimony, and it is now argued that the same was prejudicial as tending to show a conspiracy to commit another and independent crime. This testimony was directly connected with the crime charged and there was no error committed by its admission. Furthermore, it appears that the trial court refused to allow the prosecuting attorney to go into detail as to this phase of the case.

It appears that the trial court instructed the jury on its own motion as to the law of the case. There was no motion for a severance, and the complaint is made that the court erred in neglecting to instruct the jury that even though they might believe one of the appellants guilty, they should acquit the other unless, as to him also, the evidence was sufficient to show his guilt beyond a reasonable doubt. A sufficient answer to this contention is that it was appellants' duty to request such an instruction if desired. Not having done so, they cannot complain on appeal. *Martin* v. *State,* 189 Ark. 408, 72 S. W. (2d) 539; *Slinkard* v. *State,* 193 Ark. 765, 103 S. W. (2d) 50.

It is finally insisted that the trial court erred in overruling the separate motion of the appellant, Charlie Shaw, in arrest of judgment. This motion was based upon an affidavit signed by the members of the trial jury and was to the effect that had they known they had the right to find Gid Shaw guilty and at the same time to find Charlie Shaw not guilty, they would have acquitted the latter. The court did not err in denying this motion. A public offense was stated in the indictment, and it is only in cases where such an offense is not stated that the motion will lie. It cannot be used to raise ques-

tions as to the sufficiency of the evidence, its only province being to question the sufficiency of the indictment or at most only such errors as appear on the face of the record. Section 3224, Crawford & Moses' Digest; *State* v. *Bledsoe,* 47 Ark. 233, 1 S. W. 149; *McCoy* v. *State,* 46 Ark. 141.

Finding no error, the judgment of the trial court, is, therefore, affirmed.