PICKENS v. STATE.

4139                                      132 S. W. 2d 10

Opinion delivered October 9, 1939.

*Dene H. Coleman,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

HUMPHREYS, J. The grand jury of Baxter county, Arkansas, indicted appellant, Albert Pickens, Nick Rand and Edwin McClellan for the crime of grand larceny in the county and state aforesaid by unlawfully and feloniously stealing, carrying and driving away, on or about the first day of July, 1938, four two-year-old red heifers, the property of Tom Hively, and two red heifers two years old, the property of Jim Southard, with the unlawful and felonious intent, there and then, of depriving the owners of their property.

Appellant pleaded not guilty and was tried separately from those jointly indicted with him. He was convicted and adjudged to serve one year in the state penitentiary as a punishment for the crime, from which verdict and judgment he has duly prosecuted an appeal to this court.

Appellant's first assignment of error for reversal of the verdict and judgment is that the evidence was insufficient to sustain a conviction because the testimony of Nick Rand and Edwin McClellan, which implicated appellant in the crime charged, was not corroborated by any other evidence tending to connect him with the crime.

Nick Rand and Edwin McClellan, according to their testimony, were accomplices in the crime, and appellant argues that under the law their testimony must have been corroborated by other evidence independent of the testimony of the accomplices in order to sustain the verdict and judgment and that since there is no corroborating evidence in the record connecting appellant with the crime except that of accomplices the judgment of conviction should be reversed.

As to the necessity for corroborating evidence of accomplices to warrant a conviction of a felony our attention is called to § 4017 of Pope's Digest which is as follows: "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with

the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. Provided, in misdemeanor cases a conviction may be had upon the testimony of an accomplice.''

We can not agree that there is no substantial evidence in the record tending to connect appellant with the crime independent of the testimony of the accomplices. The owners of the property described same particularly and about the time they disappeared from the range. Edwin McClellan testified that he was implicated with appellant and Rand in taking Tom Hively's and Jim Southard's cattle; that they loaded them in appellant's truck at one o'clock in the morning on the 11th day of June and that he and appellant took them to Batesville, arriving there about sun-up; that they went to the depot and unloaded the cattle and appellant went and parked the truck somewhere and while he was gone witness went around to the depot. Witness got the shipping contract and when he looked at the bill of lading it was in the name of Fred Snyder and showed that the six head of cattle were shipped to Stewart, Carson, White, Commission Company in Missouri; that they got back sometime in the morning around ten o'clock; that the following Tuesday the check was returned and that he and appellant went to Gainsville, Missouri, on highway No. 5 to cash the check and on the trip met Zion Small in his truck; that witness put Fred Snyder's name on the check and cashed it and went back where Albert Pickens was in his truck; that the money was divided between witness, Rand and appellant; that he and Rand got $35 each and appellant got the rest of the money.

C. G. Jones, the station agent at Batesville, testified that six head of cattle were shipped from the station at Batesville on June 11, 1938, and that the freight bill was made out in the name of Fred Snyder and that they were shipped to Stewart, Carson, White Commission Company.

Zion Small testified that on the 15th day of June, he went through Gainsville, Missouri; that he met appel-

lant with another man on highway 5 as he was going toward Missouri and also met him as he came back from that direction.

Fred Snyder testified that he never shipped any cattle to Stewart, Carson, White Commission Company.

The testimony of C. G. Jones corroborated that of McClellan to the effect that the six head of cattle in question were shipped by appellant in the name of Fred Snyder from Batesville to the commission company and that the testimony of McClellan to the effect that he and appellant went to Gainsville to cash the check was corroborated by that of Zion Small who met appellant twice the day the check was cashed together with another man on the highway. The sufficiency of the corroborating evidence was a question for the jury and that, together with the testimony of the accomplices, is clearly sufficient to support the verdict and judgment. *Middleton* v. *State*, 162 Ark. 530, 258 S. W. 995; *Mullins* v. *State*, 193 Ark. 648, 102 S. W. 2d 82; *Shaw* v. *State*, 194 Ark. 272, 108 S. W. 2d 497.

It is also assigned as error that it was not proved that the alleged crime was committed in Baxter county. Section 26 of Initiated Act No. 3 adopted by the people in 1936 (Acts of 1937, p. 1384) provides as follows: "It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may pronounce the proper judgment accordingly, unless evidence affirmatively shows otherwise."

There was no evidence showing otherwise. All the circumstances tended to show that the cattle were removed off the range in Baxter county in the night time and taken to Batesville and shipped by appellant and one of his accomplices and that the money received for the cattle was divided between them.

No error appearing, the judgment is affirmed.