McDougal *v.* State.

4226                                          154 S. W. 2d 810

Opinion delivered October 6, 1941.

*James H. Pilkinton* and *Royce Weisenberger*, for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HOLT, J. Appellant, Rex McDougal, and Monroe Yocum were charged in an information with the crime of grand larceny. It was alleged that they stole two Jersey steers, the property of Milner Stevens, of the value of $30.

Fred Wilson, an admitted accomplice, was a witness for the state. He testified that he and the two defendants stole the two steers, transported them in a Ford truck to North Little Rock, and sold them to a dealer there for $30. Other evidence on the part of the State was introduced tending to corroborate Wilson's testimony connecting appellant McDougal with the offense. At the conclusion of the State's testimony, both defendants asked for a directed verdict. The request was denied as to appellant McDougal, but granted as to defendant, Monroe Yocum, on the ground that the testimony of Wilson was not sufficiently corroborated to warrant Yocum's conviction and he was discharged. The trial proceeded as to appellant McDougal. The jury convicted him and assessed his punishment at one year in the state penitentiary.

Appellant seeks reversal on two grounds: (1) That the trial court erred in denying his motion for a directed verdict at the conclusion of the state's testimony; and (2) that the testimony was not sufficient to sustain the verdict.

### 1.

The rule is well settled that if the evidence was sufficient to convict appellant then the trial court committed no error in refusing to direct a verdict. In the recent case of *Graham and Seaman* v. *State,* 197 Ark. 50, 121 S. W. 2d 892, we said: "It is true that at the end of the testimony for the state appellants asked the court for a directed verdict of not guilty. If, however, the evidence was sufficient to sustain the verdict of the jury, and we hold it was, of course, there was no error in refusing to give this instruction."

## 2.

Is the evidence sufficient to sustain the verdict? It is our view that it is. According to the testimony of Fred Wilson, an admitted accomplice, McDougal and Yocum persuaded him to take part in the stealing of the two Jersey steers, the property of Mr. Stevens. He testified that they took the cattle to North Little Rock in Monroe Yocum's truck and sold them to Mr. Chronister for $30; that Chronister gave a check to McDougal for the purchase price, the check being made out to J. R. Russell; that appellant McDougal cashed the check at the Twin City Bank and divided the money among the three. He also testified that on the night preceding the trial, appellant came to his house and tried to induce him to say that his statement to the officers implicating Yocum and himself was untrue.

A review of the testimony of other witnesses introduced by the State which we deem unnecessary to detail here convinces us that it tends to corroborate the testimony of the accomplice, Wilson, implicating McDougal, and is sufficient to sustain his conviction by the jury. The rule has long been settled in this state that where the testimony of an accomplice implicates the defendant in the commission of the crime, there must be evidence adduced of a corroborating nature before a conviction may be allowed to stand. However, the rule is equally as well established that the corroborating testimony need only be sufficient to connect the defendant with the commission of the crime and need not be sufficient, standing alone, to convict. The sufficiency of the corroborating evidence is also a question for the jury.

In the case of *Smith* v. *State,* 199 Ark. 900, 136 S. W. 2d 673, we said: "In a recent case this court has laid down the rule relative to the sufficiency of the evidence to corroborate the testimony of an accomplice. The rule is made clear in that case that the evidence need only tend to connect the defendant with the commission of the crime and it is not required that the evidence be sufficient of itself to convict. In that case (*Shaw* v. *State,* 194 Ark. 272, 108 S. W. 2d 497) this court said: " '. . . It is sufficient to say that this was purely a question for the

jury. They believed the testimony of Scott, and there is nothing in the evidence to show that it was physically impossible for the witness to have recognized the appellants as he said he did. The testimony of Scott, independent of that of the accomplices, tended to connect the appellants with the commission of the crime, although it might not have been sufficient of itself to convict them. This satisfied the rule. The sufficiency of the corroborating evidence was a question for the jury and, together with the testimony of the accomplices, it is clearly sufficient to support the verdict. *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Mullin* v. *State,* 193 Ark. 648, 102 S. W. 2d 82'."

Finding no error, the judgment is affirmed.