LOLLAR *v.* STATE.

4576                                        223 S. W. 2d 801

Opinion delivered October 24, 1949.

Rehearing denied November 21, 1949.

*John C. Sheffield,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

HOLT, J. A jury found appellant guilty of grand larceny, and assessed his punishment at three years in the State Penitentiary. From the judgment is this appeal.

Abraham Hill, a youth 17 years of age, who was jointly charged and tried with appellant was acquitted.

For reversal, appellant, in effect, contends (1) that the evidence was not sufficient to support the verdict of guilty, and (2) that the court erred in refusing appellant's motion for a directed verdict of not guilty, at the close of the State's evidence.

The instructions were not questioned.

## (1)

Briefly stated, the evidence on the part of the State tended to show that on November 29, 1948, J. P. Hall, a farmer, purchased a watch from a jeweler in Helena for $178.50. The jeweler testified that it was a 17-Jewel Hamilton Watch, "with a solid gold case and ten diamonds on it." Mr. Hall kept the watch in the glove compartment of his car at various times. On the night before Christmas, 1948, he put the watch in the compartment and locked it, and about noon the next day, took the watch out, looked at it, and replaced it in the compartment. That afternoon, about 2:30, Mr. Hall picked up appellant who remained in the car on the front seat with Mr. Hall for about one-half hour and then appellant left the car. Lollar, who was 19 years of age, had a criminal record, having been charged with delinquency in Louisiana and having served part of a three year sentence for car theft in the Booneville Reformatory in Missouri. Mr. Hall was drinking on Christmas day and at various times had other people in his car. Late in the afternoon of that day, Hall missed the watch, suspected appellant, and began a search for him. December 28th, the Chief of Police at Marianna received a telephone call from the Hobbs' Hardware Store in that city informing him that two boys, later identified as appellant and his associate, Hill, were in the store trying to pawn a watch for $50. When the Police Chief arrived at the hardware store,

the two boys had gone to Harrington's Drug Store, where they again tried to pawn the watch. It was here that the boys were arrested and turned over to the authorities,—the watch being in appellant's possession.

Appellant's explanation of his possession of the watch was that he had won it in a "crap game" from an unidentified Mexican. Hill, his associate, testified that they went to Marianna to dispose of the watch because they were not known in that city. He further testified that appellant, Lollar, admitted to him that he had stolen the watch from Mr. Hall's car. Hill was asked: "Didn't he (meaning appellant) tell you the details about getting it out of that car when he was sitting in there taking a drink? A. Yes, sir. Q. He told you he stole it, didn't he? A. Yes, sir. Q. You know now that you are getting yourself in the penitentiary because you told that? A. I figure it, yes, sir."

The above testimony was ample to warrant the jury in finding appellant guilty. It is undisputed that appellant and Hill had the watch in their possession when arrested. Appellant's attempt to explain possession of the watch by claiming that he had procured it from an unidentified Mexican presented a jury question.

"Possession of property recently stolen justifies the inference that the possession is a guilty possession, and may be of controlling weight, unless explained by circumstances or accounted for in some way consistent with innocence. We have repeatedly held that the recent possession of stolen property by the defendant unexplained, when taken in connection with other circumstances . . . is sufficient to warrant a verdict of guilty. Indeed, the recent possession of stolen property by the accused, unexplained, warrants the jury in returning a verdict of guilty. McDonald v. State, 165 Ark. 411, 264 S. W. 961, and cases cited." *Dennis* v. *State,* 169 Ark. 505, 275 S.W. 739.

### (2)

The trial court did not err in refusing appellant's request for a directed verdict at the close of the State's

860

testimony. We said in the recent case of *McDougal* v. *State,* 202 Ark. 936, 154 S.W. 2d 810: "If the evidence was sufficient to convict appellant then the trial court committed no error in refusing to direct a verdict. In the recent case of Graham and Seaman v. State, 197 Ark. 50, 121 S.W. 2d 892, we said: 'It is true that at the end of the testimony for the state appellants asked the court for a directed verdict of not guilty. If, however, the evidence was sufficient to sustain the verdict of the jury, and we hold it was, of course, there was no error in refusing to give this instruction.' "

Here, as above noted, the evidence on the part of the State was sufficient to support the verdict.

Accordingly, the judgment is affirmed.